Mr. Oliver Fitzpatrick, Jr. 5704 Chaucer Lane Little Rock, Arkansas 72209
Dear Mr. Fitzpatrick:
I am writing in response to your request for an opinion on whether certain documents contained in your personnel file with the Little Rock School District are open to inspection and copying under the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101 to -109, as amended by Act 1653 of 2001. You have submitted a number of documents with your request. You state your belief that the material is exempt from disclosure under A.C.A. § 25-19-105(b)(10), now (b)(12) (see Act 1653 of 2001), which exempts personnel records to the extent their release would constitute a "clearly unwarranted invasion of personal privacy." You also state that the District will release the information if my opinion does not "support [your] request for exemption."
You have enclosed the following described records:
 1. February 22, 2001 memorandum from Central High School's Principal to the Executive Director of the Arkansas Activities Association ("AAA").
 2. January 30, 1997 letter from you to the Executive Director of the AAA.
 3. January 31, 1997 memorandum to Central High's Principal from the Central High Athletic Director. This document contains student names and personal identifiers.
4. Undated letter from the principal of another high school.
 5. Fax transmission sheet and handwritten letter from the coach of another high school. The latter document includes student names and/or personal identifiers.
 6. "Stat" sheets from unspecified athletic events. These documents contain student names and/or personal identifiers.
RESPONSE
Some of the documents you have enclosed are properly classified as "personnel records" and some are properly classified as "employee evaluation or job performance records." Different tests apply to release of the two categories of records. In my opinion the custodian's decision to release the "personnel records" is consistent with the FOIA. In my opinion the custodian's decision to release the employee evaluation or job performance records is consistent with the FOIA only if you were subjected to a final administrative suspension or termination decision. In any event, however, student names, parents' names and other personal identifiers of students must be redacted throughout the documents, if released, unless the requisite consent has been given.
I will begin by setting out the applicable legal standard for release of "personnel records" and "employee evaluation or job performance records."
Personnel Records
Under the FOIA, "personnel records" must be released unless the release of such records would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12).
The FOIA does not define the term "personnel records." However, the Attorney General has consistently taken the position that "personnel records" are all records, other than employee evaluation/job performance records, that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 99-147, citing Watkins, TheArkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 134.
Once it has been determined that a particular record is a "personnel record," the ensuing issue is whether its release would constitute a clearly unwarranted invasion of the personal privacy of the employee in question.
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
The Arkansas Supreme Court has stated in this regard as follows:
 The fact that section 25-19-105(b)(10) [changed to A.C.A. § 25-19-105(b)(12) by Act 1653 of 2001] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). In Young, the court upheld the denial of access to the names of police officers participating in the lieutenant promotion examination proceedings but allowed release of the records of the examination with the names deleted. The court relied upon federal case law that finds a substantial privacy interest in records relating the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. The court found that some of the actions of the police officers when taking the role-playing portion of the examination were "embarrassing behaviors" touching on intimate details of the candidates' lives, and the release of the information could subject them to embarrassment and perhaps threaten future employment. The court therefore found a substantial privacy interest in the records. The court also found a substantial public interest in the records, but concluded that the public's interest was satisfied by the release of the examination records with the candidates' names deleted.
Employee Evaluation/Job Performance Records
The FOIA does not define the phrase "employee evaluation or job performance record," nor has the phrase been construed judicially. The Attorney General has consistently taken the general position that records relating to an employee's performance or lack of performance on the job are properly classified as job performance records under the FOIA. See,e.g., Ops. Att'y Gen. Nos. 96-132; 91-324. Formal, written employee evaluations are of course included. In addition, this office has previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 99-147; 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303.
Under the FOIA, "employee evaluation/job performance records" are releasable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1). Suspension or termination is a threshold requirement for the release of "employee evaluation or job performance records." I cannot determine definitively whether this requirement has been met with regard to the records you have enclosed.
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor Watkins, cited previously, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Watkins, Id. at 146. Professor Watkins also points out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Watkins, Id. at 145-46. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Watkins, Id. at 147. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Watkins, Id.
at 146-47 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.") I have previously opined that the public has a compelling interest in records that reflect the conduct of public school teachers during school hours and school-related events. See Op. Att'y Gen. No. 2001-144.
The Records You Enclosed
Turning to the particular records at issue, it is my opinion that the first document, the February 22, 2001 memorandum, is properly classified as an "employee evaluation or job performance record." If you were subjected to a final suspension or termination, it is my opinion that this record is subject to release. A compelling public interest is in my opinion present. If you were not subjected to a final suspension or termination for the subject matter of this memorandum, it is in my opinion closed to public inspection and copying.
The second document is the January 30, 1997 letter you wrote to the Executive Director of the AAA. It appears that this is properly classified as a "personnel record." It does not appear that it was created by or at the behest of a supervisor for the purpose of evaluating employee performance so as to be characterized as an "employee evaluation or job performance record." In my opinion, there is nothing contained in the letter which gives rise to a "clearly unwarranted invasion of personal privacy." The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy."
In my opinion the January 31, 1997 memorandum to the Principal from the Athletic Director is properly classified as an "employee evaluation or job performance record." Its release depends upon whether you were subjected to a final suspension or termination and whether the document "formed a basis" for the suspension or termination. If so, it is in my opinion open to inspection and copying under the FOIA. There is in my opinion a compelling public interest in disclosure. I should note, however, that this document contains personally identifying information about a student and mentions his mother. This information must be redacted if the document is released. Because this record contains references to a student, it implicates the Federal Educational Rights 
Privacy Act (20 U.S.C. § 1232g) (FERPA), as well as a new language that has recently been added to the Arkansas FOIA.
The FERPA generally provides that educational institutions can lose their federal funding if they disclose "education records" or "personally identifiable information contained therein" without the written consent of the student (or the student's parent if the student is under the age of eighteen. 20 U.S.C. § 1232g(b)(1). The term "education records" is defined broadly in the FERPA as "records, files, documents and other materials which . . . contain information directly related to a student."20 U.S.C. § 1232g(a)(4)(A). Although the FERPA does contain some exceptions from its confidentiality requirements, these records do not fall within any of the exceptions. Therefore, if the school district fails to redact these students' names before releasing these records, or obtain the proper consent, it will risk losing any federal funding that it receives.
Moreover, the students' names should be redacted under a new language that has been added to the Arkansas FOIA. Act 1653 of 2001 added the following language to the FOIA:
 (b) It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
* * *
 (2) . . . education records as defined in the Federal Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g, unless their disclosure is consistent with the Federal Educational Rights and Privacy Act of 1974[.]
A.C.A. § 25-19-105(b)(2).
In my opinion, therefore, the student's name and the name of his mother (which may have the effect of personally identifying him), must be redacted from this record or any records which are ultimately provided under the FOIA, unless the requisite consent is given.
The fourth record at issue is the undated letter to "the appropriate authority" from the principal of another high school. In my opinion this letter is subject to release. It is not, in my opinion, an "employee evaluation or job performance record," because it was not created by or at the behest of a supervisor for purposes of evaluating employee performance. I am not certain if it even qualifies as a "personnel record" under the FOIA. Even so, there is nothing contained therein that would constitute a "clearly unwarranted invasion of personal privacy" if released.
The next document is a fax transmission sheet and an accompanying handwritten letter from the coach of another high school addressed to "Coach." In my opinion this letter is subject to release. It is not an employee evaluation or job performance record. Again, I am not certain if it is properly classified as a personnel record, but even so, nothing contained therein would result in a clearly unwarranted invasion of privacy if released. Again, however, I must note that the letter contains the names and/or personal identifiers of students. This information must be redacted in accordance with A.C.A. § 25-19-105(b)(2).
The last documents you have submitted with your request are several "stat sheets," which detail the scoring of certain athletic events. In my opinion these records are not properly classified as "employee evaluation or job performance records," because they were not created by or at the behest of a supervisor for the purpose of evaluating employee performance. In my opinion they may be properly classified as personnel records, although obviously, they were not created as such. They are, in my opinion, subject to release with the student names and personal identifiers redacted. In my opinion nothing in these records gives rise to a clearly unwarranted invasion of personal privacy.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh